**PENNSYLVANIA**
# SPECIAL EDUCATION HEARING OFFICER

Cheryl Cutrona, JD, Special Education Hearing Officer
334 Meadowbrook Drive, Huntingdon Valley, PA 19006; 215-740-3947; cherylcutrona@gmail.com

# ORDER

RE:  Lower Merion School District's Sufficiency Challenge to JH 27085-22-23 KE

Please accept this Order as my ruling on the School District's sufficiency challenge. The motion is GRANTED, and the complaint is DISMISSED without prejudice.

The *pro se* Parents' Complaint is dismissed, without prejudice. "Without prejudice" means that there has been no evidence-based determination on this matter and that a subsequent, amended complaint may be filed by the Parents.

The Complaint centers on an alleged failure of the District to provide FAPE from 2005 through 2020, the entirety of the Student's enrollment in the District. The Complaint seeks relief in the form of compensatory education.

The District alleges that the Complaint is overly broad, vague and lacks sufficient descriptions of the issues. As such, the District argues, it would be unable to prepare a defense, particularly in light of the time period in question. The District urges the Hearing Officer to dismiss the Complaint as insufficient under the law.

Under the Individuals with Disabilities Education Act (IDEA), a due process complaint must contain, among other things, "a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem" 20 U.S.C. § 1415(b)(7)(A)(ii)(III).  Furthermore, IDEA requires that the Complaint "sets forth an alleged violation that occurred not more than 2 years before the date the parent or public agency *knew or should have known* about the alleged action that forms the basis of the complaint" (emphasis added) 20 U.S.C. § 1415(b)(6)(B).

The Parents' Complaint is too vague and spans too many years to be sufficient under the law. For example, the Complaint refers to the District not providing "enough" behavioral support, speech and language support or OT services; a lack of a communication device; and "mistreatment." In the Parents' response to the District's sufficiency challenge they list broad issues that they infer happened over fifteen (15) school years at three schools and one intermediate unit such as "refusing to provide appropriate education," "not letting him attend classes by making excuses," and staff that was "unfriendly." The Parents' Complaint and their Response to the District's

Sufficiency Challenge do not give specific examples of the *who, what, where or when* of the alleged claims or *how* those claims may have violated IDEA's FAPE requirements. Without some specificity, the District would be unable to prepare for a due process hearing, particularly in light of the broad timeline stated in the Complaint.

 Complaints filed under IDEA are in the nature of notice-pleading not detailed fact-pleading. Of course, even in notice-pleading, a respondent must be placed in a position to be able to investigate the alleged claims, prepare a defense, and weigh its options in light of those factors. Here, I find the Parents' Complaint does not sufficiently allow the District to do those things and is, therefore, insufficient under the law.

 The District's Sufficiency Challenge is GRANTED and the Parents' Complaint is DISMISSED.

Dated: 10/31/2022

*Cheryl Cutrona*
_____

 Cheryl Cutrona, J.D.
 Special Education Hearing Officer



# Due Process Complaint

*indicates a required field

## Basic Information

| ☑ IDEA | ☐ IDEA & Gifted Education | ☐ Gifted Education | ☐ Section 504 |
|---|---|---|---|
| *Today's Date: August 19, 2022 | | *Requested by: ☑ Parent   ☐ LEA | |
| *Name/Email of Person Completing this Request: Thanh Ho, thanhho1055@gmail.com | *Relationship to Student: Parent | *Phone: 215-450-8866 | |

**Please send a copy of the completed Due Process Complaint to the opposing party at the same time it is filed with the Office for Dispute Resolution.**

If you require special accommodations to participate in the due process hearing, you must notify the LEA.

## Student Information

| *Last Name: Ho | *First Name: Jason | Date of Birth: December 11, 1998 | Gender: ☑ Male   ☐ Female |
|---|---|---|---|
| Exceptionality: Autism | | Exceptionality: | |
| *LEA (Local Education Agency) – if known: Lower Merion School District | | *School Building Student Attends: DCIU, Harriton, Welsh Valley, Penn Valley | |

## Parent(s) Residing with Student

| *Last Name: Ho | *First Name: Thanh | *Relationship: ☐ Mother   ☑ Father   ☐ Guardian |
|---|---|---|
| *Home Phone: 484-380-2686 | Cell Phone: 215-450-8866 | Work Phone: 215-450-8866 | Email: thanhho1055@gmail.com |

**Preferred method of written correspondence:** ☑ Email   ☐ U.S. Mail

| Last Name: Trinh | First Name: Lan | Relationship: ☑ Mother   ☐ Father   ☐ Guardian |
|---|---|---|
| Home Phone: 484-380-2686 | Cell Phone: 215-313-3858 | Work Phone: 215-471-1238 | Email: lantutrinh@yahoo.com |

**Preferred Method of written correspondence:** ☑ Email   ☐ U.S. Mail

*Parent(s)/Student Address: 775 Mustin Lane, Villanova, PA 19085

| Parent Attorney (if represented): | Attorney Phone: |
|---|---|
| Attorney Address: | Attorney Email: |

| **Parent(s) Not Residing with Student** | | | |
|---|---|---|---|
| Last Name: | First Name: | Relationship: ❏ Mother      ❏ Father | |
| Home Phone: | Cell Phone: | Work Phone: | Email: |
| **Preferred method of written correspondence:** | | ☑ Email | ❏ U.S. Mail |
| Parent Address: | | | |
| Parent Attorney (if represented): | | Attorney Phone: | |
| Attorney Address: | | Attorney Email: | |

| **Local Education Agency (LEA) Information** |
|---|
| **I.     LEA Contact Person Information** |

| Last Name: | First Name: | Position Title: |
|---|---|---|
| Cell Phone: | Work Phone: | Email: |
| Address: | | |

**II.     Superintendent/CEO**

| Last Name: | First Name: | Position Title: |
|---|---|---|
| Address: | | Phone: |

**III.     LEA Attorney**

| Attorney Phone: | Attorney Email: |
|---|---|
| Attorney Address: | |

**IV.     The due process hearing will be held at the following address:**
*(Building Name, Address and Room Number/Name – to be completed by the LEA)*

**Note:** The hearing will be held at a time and place reasonably convenient to parents and child involved. For gifted education cases, the hearing will be held in the school district at a place reasonably convenient to the parents and, at the request of the parents, may be held in the evening.

| **Information About the Due Process Complaint (IDEA Cases only)** | | |
|---|---|---|
| A.   Does your issue pertain to a hearing officer decision which has not been implemented? | ❏ Yes | ☑ No |
| *(If yes, the Bureau of Special Education will be notified, and will investigate the matter. Due process is not available when the issue pertains to non-implementation of a hearing officer's decision.)* | | |
| B.   Is this a request for a hearing based on a disagreement about:  ❏ Discipline     ❏ ESY (Extended School Year)  ❏ Check here if student is in the ESY target group | | |

| Information About Due Process Complaint (All Cases) |
|---|
| You may use this form to explain the nature of your dispute, or you may attach a separate piece of paper containing this information. |

| *What is the dispute about? Please include facts in your description. |
|---|
| See attached. |

| *How would you like to see this resolved? What are you seeking? |
|---|
| The school district should provide compensatory education that is appropriate for Jason's needs to make up for the lack of appropriate service during his education and for the disruption to in-person classes due to COVID. |

| If you know the other side's position about this problem, please describe it here. |
|---|
|   |

| Resolution Meeting (IDEA Cases only) |
|---|
| Prior to a due process hearing taking place, if the parent filed the process complaint, the law (34 CFR §300.510) requires the parties to participate in a resolution meeting, unless both sides agree in writing to waive this requirement. Please completed the following information: |

| | | |
|---|---|---|
| 1. | A resolution meeting to discuss these issues is scheduled for: | (Date) |
| 2. | A resolution meeting was held on: | (Date) |
| 3. | Participation in the resolution meeting was waived by both parties and the LEA in writing on: | |
| 4. | In lieu of a resolution meeting, I am requesting mediation.   ☐ | (Date) |
| **If #4 is checked, an ODR mediation case manager will be in contact with the parties.** | | |

An ODR staff member will confirm receipt of complaint and provide case manager and hearing officer information.

Additional information about due process is available on the ODR website, www.odr-pa.org, or by calling the Special Education ConsultLine (800-879-2301).

Revised October 2018

6340 Flank Drive, Harrisburg, PA 17112-2764
717-901-2145 • Toll Free 800-222-3356 (PA only) • Fax 717-657-5983 • TTY Users: PA Relay 711 • Email: odr@odr-pa.org

The school district did not give appropriate education and support for Jason Ho throughout his education in Lower Merion School District (2005-2020), which includes Penn Valley Elementary School, Welsh Valley Middle School, Harriton High School, and Delaware County Intermediate Unit. The district did not provide enough behavioral support, speech and language support, or OT services at appropriate levels throughout his education despite the parents' consistent and repeated requests to the district. This lack of appropriate education and support made Jason regress and fail to make improvements in academic and behavior goals. Jason's behavior significantly worsened throughout his years within the LMSD, and Jason's speech and language and communication needs were not addressed appropriately during his years in LMSD. Even though the parents repeatedly requested increased speech and language to help him communicate and improve his behavior, the district refused and was prejudiced against his educational needs. The district did not listen to the parents' concerns and did whatever they wanted for Jason's education and treatment which caused Jason's behaviors to continue to worsen. LMSD refused to provide services for his needs at home and school, with education and appropriate care for Jason's behavior, and in general they discriminated against the family.

The discrimination happened since the family moved to Montgomery County. Lower Merion School District would not accept Jason as a student and wanted to send him either back to Philadelphia or to another school district 2 hours away. The doctor said long distance travel would be inappropriate for Jason especially when Jason needed close medical attention. The school accepted Jason into the district in 2005 because of the due process, but the district would still mistreat the family and ignore concerns and requests (often with the excuse of not understanding the parents due to the language barrier as Asian immigrants), and sometimes the district would send staff to check-up at home late at night when the family would be asleep. Even

though the evaluation reports would note that Jason still needed a lot of improvement in education and behavior, they would continue to ignore parents' requests for more education and therapy and parents' concerns about his treatment at school, which worsened Jason's behavior and skills. Jason did not have a communication device for the whole time in LMSD despite the parents' requests, even though the district clearly provided personal laptops to non-disabled students to use and bring home for many of the years Jason attended. The district's neglect of providing requested appropriate education and materials for Jason felt very discriminatory.

  The aides often were not properly skilled to work with Jason or accompany him from Penn Valley Elementary to Harriton High School. For many years, Jason's school aides often were less skilled and unable to treat him fairly, which caused Jason to hit himself for attention, and led to him getting inappropriately restrained. His mistreatment and inappropriate handling by aides was very bad at Harriton High School. Jason would be put in a wheelchair as a mechanical restraint and mode of transportation during his time in Harriton High School, even though Jason is able to walk independently, and he would be left at the toilet for long periods of time to avoid providing education to him. The staff would bring Jason to the nurse's office for any mild symptoms and have him wait in the office while the parents would have to drive from work to the school to pick him up in the middle of the day. The staff would do this constantly even though they know Jason has seasonal allergies and asthma that can be treated because they wanted to avoid the responsibility of treating him with care or educating him in the classroom. These actions by the staff in LMSD would cause Jason to feel more and more unwelcome and uncomfortable, and the staff could continue to call him aggressive as they worsened his behavior over the years to the point of self-injurious behavior due to the discriminatory and unfriendly behavior by LMSD educators. LMSD did not want to provide education to him and manipulated

his mood to create unfriendly behavior that would be used as their excuses to not serve his educational needs.

When Jason transferred to DCIU, the aides, teachers, and staff there treated him more fairly, and his behavior began to improve in the safer environment. However, he still did not receive a communication device until near the end of his schooling, and parents always asked for more speech therapy but it was never provided enough. In addition, Jason was still in education when the COVID pandemic caused a disruption to schooling. Jason had brief virtual sessions from March to August 2020 for the school year and ESY, but when parents asked if Jason could receive COVID compensatory services, the school district refused to answer for months and eventually denied the parents' request for those services. The hours of education he would have received during his time at DCIU in-person was cut to very little time, just a few minutes of virtual sessions per day.



# Due Process Complaint

*indicates a required field

| **Basic Information** | | | |
|---|---|---|---|
| ☑ IDEA | ❏ IDEA & Gifted Education | ❏ Gifted Education | ❏ Section 504 |
| *Today's Date: July 29, 2022 | | *Requested by:  ☑ Parent    ❏ LEA | |
| *Name/Email of Person Completing this Request: Thanh Ho, thanhho1055@gmail.com | *Relationship to Student: Parent | *Phone: 215-450-8866 | |
| **Please send a copy of the completed Due Process Complaint to the opposing party at the same time it is filed with the Office for Dispute Resolution.** | | | |
| If you require special accommodations to participate in the due process hearing, you must notify the LEA. | | | |

| **Student Information** | | | |
|---|---|---|---|
| *Last Name: Ho | *First Name: Jason | Date of Birth: December 11, 1998 | Gender: ☑ Male    ❏ Female |
| Exceptionality: Autism | | Exceptionality: | |
| *LEA (Local Education Agency) – if known: Lower Merion School District | | *School Building Student Attends: DCIU, Harriton, Welsh Valley, Penn Valley | |

| **Parent(s) Residing with Student** | | | |
|---|---|---|---|
| *Last Name: Ho | *First Name: Thanh | *Relationship: ❏ Mother    ☑ Father    ❏ Guardian | |
| *Home Phone: 484-380-2686 | Cell Phone: 215-450-8866 | Work Phone: 215-450-8866 | Email: thanhho1055@gmail.com |
| **Preferred method of written correspondence:**    ☑ Email    ❏ U.S. Mail | | | |
| Last Name: Trinh | First Name: Lan | Relationship: ☑ Mother    ❏ Father    ❏ Guardian | |
| Home Phone: 484-380-2686 | Cell Phone: 215-313-3858 | Work Phone: 215-471-1238 | Email: lantutrinh@yahoo.com |
| **Preferred Method of written correspondence:**    ☑ Email    ❏ U.S. Mail | | | |
| *Parent(s)/Student Address: 775 Mustin Lane, Villanova, PA 19085 | | | |
| Parent Attorney (if represented): | | Attorney Phone: | |
| Attorney Address: | | Attorney Email: | |

| Parent(s) Not Residing with Student |||||
|---|---|---|---|---|
| Last Name: || First Name: || Relationship:  ❑ Mother  ❑ Father |
| Home Phone: | Cell Phone: | Work Phone: || Email: |
| **Preferred method of written correspondence:** ||| ❑ Email | ❑ U.S. Mail |
| Parent Address: |||||
| Parent Attorney (if represented): |||| Attorney Phone: |
| Attorney Address: |||| Attorney Email: |

## Local Education Agency (LEA) Information

**I.  LEA Contact Person Information**

| Last Name: | First Name: | Position Title: |
|---|---|---|
| Cell Phone: | Work Phone: | Email: |
| Address: |||

**II.  Superintendent/CEO**

| Last Name: | First Name: | Position Title: |
|---|---|---|
| Address: || Phone: |

**III.  LEA Attorney**

| Attorney Phone: | Attorney Email: |
|---|---|
| Attorney Address: ||

**IV.  The due process hearing will be held at the following address:**
*(Building Name, Address and Room Number/Name – to be completed by the LEA)*

**Note:** The hearing will be held at a time and place reasonably convenient to parents and child involved. For gifted education cases, the hearing will be held in the school district at a place reasonably convenient to the parents and, at the request of the parents, may be held in the evening.

## Information About the Due Process Complaint (IDEA Cases only)

A.  Does your issue pertain to a hearing officer decision which has not been implemented?  ❑ Yes  ☒ No
*(If yes, the Bureau of Special Education will be notified, and will investigate the matter. Due process is not available when the issue pertains to non-implementation of a hearing officer's decision.)*

B.  Is this a request for a hearing based on a disagreement about:
   ❑ Discipline         ❑ ESY (Extended School Year)
   ❑ Check here if student is in the ESY target group

### Information About Due Process Complaint (All Cases)
You may use this form to explain the nature of your dispute, or you may attach a separate piece of paper containing this information.

*What is the dispute about? Please include facts in your description.

See attached.

*How would you like to see this resolved? What are you seeking?

The school district should provide compensatory education that is appropriate for Jason's needs to make up for the lack of appropriate service during his education and for the disruption to in-person classes due to COVID.

If you know the other side's position about this problem, please describe it here.

### Resolution Meeting (IDEA Cases only)
Prior to a due process hearing taking place, if the parent filed the process complaint, the law (34 CFR §300.510) requires the parties to participate in a resolution meeting, unless both sides agree in writing to waive this requirement. Please completed the following information:

| | | |
|---|---|---|
| 1. | A resolution meeting to discuss these issues is scheduled for: | (Date) |
| 2. | A resolution meeting was held on: | (Date) |
| 3. | Participation in the resolution meeting was waived by both parties and the LEA in writing on: | |
| 4. | In lieu of a resolution meeting, I am requesting mediation.    ☐ | (Date) |

**If #4 is checked, an ODR mediation case manager will be in contact with the parties.**

An ODR staff member will confirm receipt of complaint and provide case manager and hearing officer information.

Additional information about due process is available on the ODR website, www.odr-pa.org, or by calling the Special Education ConsultLine (800-879-2301).

Revised October 2018

6340 Flank Drive, Harrisburg, PA 17112-2764
717-901-2145 • Toll Free 800-222-3356 (PA only) • Fax 717-657-5983 • TTY Users: PA Relay 711 • Email: odr@odr-pa.org

The school district did not give appropriate education and support for Jason Ho throughout his education in Lower Merion School District (2006-2020), which includes Penn Valley Elementary School, Welsh Valley Middle School, Harriton High School, and Delaware County Intermediate Unit. The district did not provide enough behavioral support, speech and language support, or OT services at appropriate levels throughout his education despite the parents' consistent and repeated requests to the district. This lack of appropriate education and support made Jason regress and fail to make improvements in academic and behavior goals. Jason's behavior significantly worsened throughout his years within the LMSD, and Jason's speech and language and communication needs were not addressed appropriately during his years in LMSD. The district did not listen to the parents' concerns and did what they wanted for Jason's education and treatment which caused Jason's behaviors to continue to worsen. LMSD refused to provide services for his needs at home and school, with education and appropriate care for Jason's behavior, and in general they discriminated against the family.

For many years, Jason's school aides often were less skilled and unable to treat him fairly, which caused Jason to hit himself for attention, and led to him getting inappropriately restrained. The aides often were not properly skilled to work with Jason or accompany him. Jason would be put in a wheelchair as a mechanical restraint and mode of transportation during his time in Harriton High School, even though Jason is able to walk independently, and he would be left at the toilet for long periods of time to avoid providing education to him. Jason also did not have a communication device for a long time while in the district, despite the parents' requests. LMSD did not want to provide education to him and manipulated his mood to create unfriendly behavior that would be used as their excuses to not serve his educational needs.

In addition, Jason was still in education when the COVID pandemic caused a disruption to schooling. Jason had brief virtual sessions from March to August 2020 for the school year and ESY, but when parents asked if Jason could receive COVID compensatory services, the school district refused to answer for months and eventually denied the parents' request for those services. The hours of education he would have received during his time at DCIU in-person was cut to a few minutes of virtual sessions per day.

In addition, Jason was still in education when the COVID pandemic caused a disruption to schooling. Jason had brief virtual sessions from March to August 2020 for the school year and ESY, but when parents asked if Jason could receive COVID compensatory services, the school district refused to answer for months and eventually denied the parents' request for those services. The hours of education he would have received during his time at DCIU in-person was cut to a few minutes of virtual sessions per day.